PEOPLE *v.* FELTNER.

1. INTOXICATING LIQUORS—CRIMINAL LAW—MOTION TO SUPPRESS EVIDENCE—DENIAL OF MOTION.

Where, in a prosecution for illegal possession of intoxicating liquors, a motion to suppress evidence obtained by a search warrant was seasonably made, and defendant's counsel was not entirely at fault because it was not disposed of before the day of the trial, but called it to the court's attention before the trial actually commenced, defendant was entitled to a decision thereon, and the court's refusal to hear the motion amounted to a denial, entitling defendant to urge the insufficiency of the affidavit in both the trial and appellate courts.[1]

2. SAME—SEARCHES AND SEIZURES—AFFIDAVIT FOR SEARCH WARRANT—SUFFICIENCY.

Where an affidavit for a search warrant concluded with a date, and the only possible conclusion is that it had reference to the happening of the events narrated immediately preceding it, although it was not properly punctuated, the affidavit was not fatally defective for failure to allege the time.[2]

Exceptions before judgment from Muskegon; Vanderwerp (John), J. Submitted January 14, 1926. (Docket No. 142.) Decided March 20, 1926.

Harry Feltner was convicted of violating the liquor law. Affirmed.

*F. E. Wetmore* and *Frank Bagley,* for appellant.

*Andrew B. Dougherty,* Attorney General, *R. Glen Dunn,* Prosecuting Attorney, and *Robert H. Dunn,* Assistant Prosecuting Attorney, for the people.

[1]Criminal Law, 16 C. J. § 1110; 17 C. J. § 3336 (Anno); [2]Intoxicating Liquors, 33 C. J. § 371.

234—Mich.—14.

SNOW, J.   The defendant was charged with having in his possession, contrary to law, two gallons of moonshine whisky.   He was convicted and the case is here for review on exceptions before sentence.   A warrant to search defendant's dwelling was issued by a justice of the peace of the city of Muskegon Heights, February 28, 1925.   It was based upon an affidavit alleging as reasons for believing that liquor was possessed by defendant at his home, the following:

"Deponent has seen several persons visit the premises carrying away packages.   That deponent has seen intoxicated persons on the premises, that deponent has seen several machines visit the premises. February 27th, 1925."

But two questions are raised, Was the motion made by defendant to suppress evidence obtained on the search made timely? and, Was the affidavit for the search warrant insufficient?

When the case was called for trial, Mr. Wetmore, attorney for defendant, said:

"There is a motion pending in this case to suppress all the evidence for the reasons stated in the motion and I desire a decision on it before we proceed to the trial of the case."

The motion was thereupon read to the court.

"*The Court:* Well, I think those are important matters and I think they should be called to the attention of the court before the case is tried.   This case has never been called to my attention, motion never made before, motion will be denied.   Call a jury.

"*Mr. Wetmore:* I might say the reason it wasn't called before was that the court couldn't hear it at a day I was here and at a day Mr. Dunn could be here.

"*The Court:* They certainly shouldn't be brought on Monday.   The jury is called and I am going to refuse to hear motions that way.   Call a jury."

A motion to suppress had been seasonably made, and

it had been noticed for hearing for a certain day.     On that day it was continued by consent.     On the adjourned day it was not brought up by counsel for defendant nor by the prosecuting attorney, and nothing further was done in regard to it until the beginning of the trial.     After the court had refused to hear the motion defendant's counsel objected to the introduction of testimony on the ground "the officers had no valid search warrant and were trespassers there upon those premises."     This objection was overruled and the case proceeded to trial.     The evidence taken upon the search was offered and received against defendant's objection.

The motion to suppress was made several weeks before the trial, and the fact it was not argued and disposed of before the day of the trial cannot be said to be entirely the fault of defendant's counsel.     It is a matter of the most common practice among attorneys to hold in abeyance and postpone preliminary motions of this character, and the fact it was brought to the attention of the court before the trial actually commenced was sufficient, and it should have been entertained.     However, the ruling of the court in regard to the motion amounted in effect to its denial, and defendant was entitled to urge the insufficiency of the affidavit both in the trial court and here.

Is the affidavit, then, sufficient?     It is obvious that the affidavit could have been made much plainer and its contents more readily understood and construed if a little more care had been used in its preparation, and either punctuated correctly or not at all.     It is not expected that those who prepare affidavits of this character should be masters of rhetoric and composition, or that they should understand the art of punctuation thoroughly, still when constitutional and legislative rights of citizens are at stake, it is insisted that these affidavits for the search of dwelling houses

must understandingly contain the necessary averments to give the magistrate the right to proceed.    In this affidavit the date "February 27th, 1925" must be considered as part of the affidavit and given some construction.    We arrive at the only possible conclusion, therefore, that it had reference to the time of the happening of the events narrated immediately preceding it.

The affidavit is not, therefore, fatal because it fails to allege the time, as was the situation in the case of *People* v. *Musk*, 231 Mich. 187, relied upon by appellant.

There being no other error claimed, the conviction will stand affirmed, and the court is advised to proceed to judgment.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.