[Crim. No. 10016.   Second Dist., Div. Four.   July 20, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RONALD
MACK LAMBERSON, Defendant and Appellant.

Jack Dunaway, under appointment by the District Court
of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General and Mitchell S. Shapiro, Deputy
Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In a trial by the court, after waiving a jury and admitting two prior felony convictions, defendant was convicted of possession of heroin (Health & Saf. Code, § 11500). He appeals from the judgment contending that the evidence which convicted him was the fruit of an illegal search and seizure.

On December 13, 1963, officers Austin and Allender of the Los Angeles County Sheriff's Department Narcotic Detail, accompanied by a fellow officer and two officers from the West Covina Police Department, were conducting an investigation of suspected narcotics activity at a home on Merced Street in West Covina. They had a warrant to search the home. At approximately 4 p.m. they approached the residence and parked. Shortly thereafter they observed a pickup truck which was parked in front of the house, leave the area. The officers followed the pickup and arrested the driver for possession of narcotics paraphernalia.

They returned to the vicinity of the suspect house at approximately 5:30 p.m., and again parked. The officers were in two unmarked patrol cars. They observed a 1953 Oldsmobile parked in front of the residence. One person was seated in the driver's seat. Shortly thereafter they saw a person leave the house and get into the Oldsmobile. The car then drove off. The officers followed. When the Oldsmobile stopped for a traffic light the officers stopped behind it. Officer Austin walked to the driver's side of the Oldsmobile and Allender and one of the other officers approached the passenger side. Austin identified himself to the driver and requested that he step from the vehicle. The man complied. Austin observed defendant seated on the passenger side of the car.

The signal light by this time had changed and the Oldsmobile was observed to be blocking a heavy flow of traffic on the street. A number of cars had already backed up behind the vehicle. Officer Austin was asked by one of the other officers to move the car off the traveled portion of the roadway. Austin slid into the driver's seat and started to drive the car over to the shoulder of the road. At this time Austin observed defendant, who was still sitting on the passenger side of the front seat, reach with his right hand into his right shirt pocket and throw a colored balloon to the floorboard of the car between his own feet. Officer Allender, who was standing outside of the car on the passenger side, also observed defendant reach into his pocket and drop the balloon.

Austin retrieved the balloon from the floor of the car. He tore it open and observed two capsules inside, which, in the officer's opinion, contained heroin. Defendant was then placed under arrest. (It was stipulated at the trial that a police forensic chemist was called and testified that the capsules contained heroin.)

Defendant denied on the witness stand that he threw any object on the floor of the Oldsmobile or that he ever used or possessed heroin. He went to the house on Merced Street because he wanted to trade a gun with the owner of the house, who was a collector of guns. When they were stopped by the officers after leaving the house, one of the officers, with his gun drawn, ordered the driver of the car out and then got into the car. He ordered defendant to put his hands on the dashboard and then struck him with the gun. After the car was driven off the road he was searched and arrested.

The trial judge, choosing to believe the officers' version of what occurred, resolved this conflict in testimony in the People's favor. Such a determination may not be challenged here.

It is well established that circumstances short of probable cause for arrest may nevertheless justify an officer in stopping motorists on the streets for questioning. And if the circumstances warrant, the officer may, in self-protection, request a suspect to alight from the vehicle or submit to a superficial search for weapons. Should the investigation then uncover reasonable cause to arrest the suspect, the officer may do so and conduct a reasonable incidental search. (*People* v. *Mickelson*, 59 Cal.2d 448, 450-451 [30 Cal.Rptr. 18, 380 P.2d 658].)

Initially, the officers were clearly justified in stopping the automobile in which defendant was a passenger, to question defendant and the driver. Moments before these officers had observed defendant enter the vehicle after leaving a house owned by a person suspected to be dealing in narcotics and which house they had a warrant to search. Further, a few hours before they had arrested a suspect, for a narcotics offense, who was seen leaving this house. Nor was it unreasonable under the circumstances for the officers to request the driver to alight from the vehicle. And, when it was observed that the position of the car in the street was creating a traffic hazard, the officers quite properly concluded that it should be moved to the side of the road before continuing the interrogation of the suspects. The officers were

then confronted with the choice of letting the driver get back into the car to move it; letting defendant move it; or, of moving it themselves. Clearly realizing the dangers attendant in letting either of the suspects drive it—that they might attempt to flee before the investigation was completed—the officers took the latter course. Such action was reasonable under the circumstances presented.

While in the process of moving the car, both the officer in the car and one of the officers standing outside on the passenger side, observed defendant take the balloon from his shirt pocket and drop it on the floorboard. Upon seeing this, the officers clearly had probable cause to arrest defendant. The balloon containing the contraband was not discovered as the result of a search, for it was in plain sight. (*People* v. *Ellsworth*, 190 Cal.App.2d 844, 846 [12 Cal.Rptr. 433].)

The judgment of conviction is affirmed.

Files, P. J., and Kingsley, J., concurred.