[Crim. No. 5027. First Dist., Div. Two. Nov. 16, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. PHILLIP G. TILLMAN, Defendant and Appellant.

Phillip G. Tillman, in pro. per., and Joseph S. Lawry, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Jackson L. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

TAYLOR, J.—On this appeal from a judgment of conviction rendered on a jury verdict finding him guilty of possession of narcotics (Health & Saf. Code, § 11500), defendant, Phillip G. Tillman, asserts that the following errors require a reversal of the judgment: (1) the insufficiency of the showing of probable cause in the affidavit upon which the search warrant was based; (2) lack of reasonable or probable cause for arrest in the absence of a valid search warrant; and (3) denial of his constitutional right to the effective aid of counsel.

Since no contentions are raised concerning the sufficiency of the evidence, a brief summary of the pertinent facts will suffice. About 11:15 p.m. on July 23, 1964, Officer Carreker of the narcotics detail of the Oakland police saw defendant, whom he knew, driving in his 1956 Buick in the vicinity of 7th Street. Carreker, knowing that his superior, Sergeant Hilliard, the supervisor of the narcotics detail, had a search warrant for defendant, made radio contact with Hilliard, who indicated that he had the warrant in his possession and that defendant should be stopped at the most convenient spot.

Carreker and his companion, Officer Alves, both in plain clothes and in their unmarked police car, followed defendant until he parked near his home in the vicinity of 8th and Chestnut Streets. As Carreker approached the Buick, defendant was in the driver's seat with one foot on the curb and the door open. After Carreker informed defendant that he was a police officer and had a search warrant and asked him to step out, defendant turned his back to the officer and put his closed right hand over the passenger seat of the car. Carreker leaned over, grabbed both of defendant's hands and handcuffed and pat-searched him.

Just then, Sergeant Hilliard arrived with the search warrant and placed a copy of it in defendant's pocket. Carreker and Alves then searched defendant and found a blue balloon and a loose leaf notebook, but left these items on defendant. Later when defendant was strip-searched at the vice control office, the officers again found the notebook but not the balloon. When the officers returned to the Buick, they found two paper bindles bound with a blue rubber band on the floor board at the edge of the driver's seat. Both bindles contained heroin and were made of paper similar to that in defendant's notebook. It is not necessary to relate defendant's contradictory version of the arrest and search to discuss the purely legal contentions raised.

The affidavit upon which the search warrant was issued recites that on or about July 22, 1964, affiant was notified by

a reliable confidential informant that said informant "has been purchasing" $10 papers of heroin and $25 balloons of heroin from the defendant at various locations in Oakland, the last purchase being a $10 paper on the corner of 16th and Market Streets; that the purchases were made both in the day and nighttime; that the informant had previously given accurate information to affiant concerning narcotic traffic in Oakland which had resulted in three arrests and convictions of narcotics offenders. It stated that contraband narcotics are easily disposed of and requested a warrant serviceable on defendant either day or night. The affidavit was sworn to on July 23, 1964, and the warrant issued and served the same day.

The information related in the affidavit constituted the commission of a felony, i.e., the sale of narcotics. We explore then whether the facts that the affidavit was based on hearsay and failed to specify the precise time of the alleged purchases invalidated the warrant.

The question of the sufficiency of the affidavit on its face is one of law (*Dunn* v. *Municipal Court,* 220 Cal.App.2d 858, 867 [34 Cal.Rptr. 251]) and defendant is not precluded from raising this issue on appeal because of his failure to attack the truth of the statements contained therein under the remedies afforded by sections 1539 and 1540 of the Penal Code (*People* v. *Govea,* 235 Cal.App.2d 285, 297, fn. 14 [45 Cal. Rptr. 253]; *Dunn* v. *Municipal Court, supra; People* v. *Perez,* 189 Cal.App.2d 526, 531-532 [11 Cal.Rptr. 456]).

The Fourth Amendment of the United States Constitution, which has been incorporated in the Fourteenth Amendment (*Mapp* v. *Ohio,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933]) provides in part that: ". . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." Similar provisions are laid down in the Constitution and Penal Code of this state (Cal.Const., art. I, § 19; Pen. Code, §§ 1523, 1525).

Federal standards must be applied by the state courts in determining the sufficiency of the affidavit upon which a search warrant can issue (*Aguilar* v. *Texas,* 378 U.S. 108 [84 S.Ct. 1509, 12 L.Ed.2d 723]; *Giordenello* v. *United States,* 357 U.S. 480 [78 S.Ct. 1245, 2 L.Ed.2d 1503]; *People* v. *Barthel,* 231 Cal.App.2d 827, 830 [42 Cal.Rptr. 290]). Before the question of probable cause can be resolved and a search warrant properly issued on an affidavit based primarily on hearsay, the federal cases prescribe the following two requirements.

138

■ First, the statement of the informer in the affidavit must be factual in nature rather than conclusionary and must indicate that the informer had personal knowledge of the facts related (*Aguilar* v. *Texas, supra; Giordenello* v. *United States, supra*). As the court noted in *Aguilar* in disapproving the warrant (at pp. 113-114), "the 'mere conclusion' that petitioner possessed narcotics was not even that of the affiant himself; it was that of an unidentified informant. The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,' it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' For all that appears the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession. The magistrate here certainly could not 'judge for himself the *persuasiveness of the facts relied on . . . to show probable cause.'* " (Italics added.)

Secondly, the affidavit must contain some underlying factual information from which the issuing judge can reasonably conclude that the informant, whose identity need not be disclosed, was credible or his information reliable.[1] In other words, the magistrate's finding of probable cause can be sustained only if the affidavit presents a substantial basis for crediting the hearsay (*Aguilar* v. *Texas, supra; Rugendorf* v. *United States,* 376 U.S. 528 [84 S.Ct. 825, 11 L.Ed.2d 887]; *Jones* v. *United States,* 362 U.S. 257 [80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233]; *United States* v. *Ventresca,* 380 U.S. 102 [85 S.Ct. 741, 13 L.Ed.2d 684, 690]).

■ The affidavit in the instant case complied with the two requirements indicated above. It was clearly factual rather than conclusionary in nature. The confidential informant actually participated in the alleged violations and the narcotic substance and prices paid for the various purchases, as well as the location of the last transaction, were set forth with particularity. The affiant's unidentified source spoke with personal knowledge of the facts related. Additionally, the affidavit contained the necessary underlying information indicating the informant's reliability. He had on three previous occasions supplied similar information to the Oakland police which had proven accurate and resulted in convictions.

---

[1] Our state courts have also held that while it is not necessary that an affidavit for a search warrant, or the warrant itself, reveal the identity of the informant in order to give validity to the warrant, the affidavit must nevertheless state facts showing that the informant was reliable (*Dunn* v. *Municipal Court, supra,* p. 871; *People* v. *Keener,* 55 Cal.2d 714 [12 Cal.Rptr. 859, 361 P.2d 587]).

■ We are not impressed by defendant's contention that the affidavit did not sufficiently specify the time of the alleged violations. Of course, the possibility that the information was stale must be negated (*Sgro* v. *United States*, 287 U.S. 206, 211 [53 S.Ct. 138, 77 L.Ed. 260, 85 A.L.R. 108]). However, the affidavit here complies in this respect. The allegation that the informant "has been purchasing" indicates very recent, if not present, activity. At the very least, it connotes a course of conduct closely approaching the date of the issuance of the warrant. In cases where the reference to time in the affidavit was couched in words of the present tense or referred to events immediately preceding the date of issuance, the warrant has been upheld (*People* v. *Nelson,* 171 Cal.App. 2d 356 [340 P.2d 718]; *Milby* v. *Commonwealth* (Ky. 1958) 318 S.W.2d 55; *People* v. *Feltner,* 234 Mich. 209 [207 N.W. 801]; *Jones* v. *United States, supra*).

The showing made in the affidavit permitted the magistrate to judge for himself the *persuasiveness of the facts relied upon to establish probable cause* and, although based primarily on hearsay, it complied with essential standards including that of timeliness.

The facts of this case justify defendant's arrest and search regardless of the warrant's validity. ■ Where there is an arrest without a warrant, the burden is on the prosecution to establish reasonable or probable cause (*Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23]). There is no exact formula for the determination of reasonableness. Each case must be decided on its own facts and circumstances. ■ Reasonable cause has been generally defined to be such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime. ■ Probable cause has also been defined as having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt. It is not limited to evidence that would be admissible at the trial on the issue of guilt. ■ The test is not whether the evidence upon which the officer acts in making the arrest is sufficient to convict but only whether the person should stand trial. The test is whether the facts as they appeared to the officer at the time of the arrest were such that a reasonable man would conclude that the person should be held to answer (*People* v. *Murphy,* 173 Cal.App.2d 367, 377 [343 P.2d 273]).

■ Prior to the arrest, the officers knew of the existence of the narcotics search warrant and had instructions from

their superiors to stop defendant as soon as convenient. Information obtained from official sources is presumed to be reliable unless manifestly shown to be otherwise (*People* v. *Schellin,* 227 Cal.App.2d 245 [38 Cal.Rptr. 593]). We see no indicia of unreliability here. Furthermore, defendant was stopped about 11:45 p.m. and it is well settled that officers may stop an automobile at night for the purpose of investigation (*People* v. *Lamberson,* 235 Cal.App.2d 856 [45 Cal. Rptr. 563]; *People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]). When the officer identified himself, defendant turned around and put his hand over the passenger seat. In the context of the officer's information, this conduct constituted a furtive gesture and under the total circumstances furnished reasonable or probable cause for the arrest and search incident thereto (*People* v. *Tyler,* 193 Cal.App.2d 728 [14 Cal.Rptr. 610]; *Willson* v. *Superior Court,* 46 Cal.2d 291 [294 P.2d 36]; *People* v. *Brown,* 45 Cal.2d 640 [290 P.2d 528]; *People* v. *Currier,* 232 Cal.App.2d 103 [42 Cal.Rptr. 562]). We conclude that even had the warrant been invalid, the arrest and search were justified on the basis of the facts observed by the officers independent of the warrant (*United States* v. *White,* 342 F.2d 379, 381) and the contraband was properly admitted into evidence.

 Defendant relies on *People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487], in contending that he was deprived of his constitutional right to effective aid of counsel because his attorney failed to attack the search warrant under sections 995, 1539 and 1540 of the Penal Code and failed to object to the admission of the hearsay affidavit and search warrant into evidence. Here, there is no showing, as in *Ibarra,* that defense counsel was unaware of the law permitting him to challenge the legality of the search and seizure. On the contrary, several objections made by defense counsel to the introduction of evidence were based on the alleged illegal search and seizure and indicated that counsel was conversant with the rules pertaining thereto. Thus, his failure to make use of section 995 or the statutory proceedings for attacking the truthfulness of the affidavit could be attributed to nothing more than an error in judgment. Defendant concedes in his opening brief that his counsel may have felt it desirable to admit the hearsay affidavit into evidence to support his numerous objections to the arrest and the admission of the products of the search. Our Supreme Court has clearly indicated that if counsel is aware of the law and makes a mistake in judgment, there is no ground for reversal (*People* v.

*Linden,* 52 Cal.2d 1 [338 P.2d 397] ; *In re Rose,* 62 Cal.2d 384 [42 Cal.Rptr. 236, 398 P.2d 428] ).

The arrest and search having been justified under the facts of this case even in the absence of a warrant, the failure of defense counsel to attack the warrant could not be prejudicial. Neither could the admission of the hearsay affidavit since defendant was not charged with the sale of narcotics and the additional evidence of his possession, with which he was charged, was overwhelming. The record indicates that defendant was ably and competently represented by his counsel.

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied December 16, 1965, and appellant's petition for a hearing by the Supreme Court was denied February 2, 1966.