Roy BELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20883.

United States Court of Appeals
Ninth Circuit.

Jan. 11, 1967.

Harry J. Kreamer, Oakland, Cal., for appellant.

Cecil F. Poole, U. S. Atty., D. R. Urdan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and HAMLEY and ELY, Circuit Judges.

MADDEN, Judge:

This is an appeal from a judgment of conviction, after a jury trial in the district court, of robbery of a bank which was federally insured and was a member of the Federal Reserve System.[1]

The appellant and one Harold Williams were indicted for having, on October 28, 1965, robbed a branch of the Wells Fargo Bank in San Francisco. The appellant was tried separately from Williams. The prosecution presented evidence that, on the day of the robbery, the appellant appeared at a teller's window in the bank. The teller and two other witnesses described, at the trial, the clothing worn by the appellant, and testified that he had a goatee, and a scar on his face. He asked where he could open a checking account and was directed to the officer's platform of the bank. He moved to another teller's window and then, displaying a gun, leaped over the counter to where two tellers were standing and, pointing the gun in their direction, said, "Don't anybody move, don't make me kill anybody." He grabbed money from the tellers' cash drawers, stuffed it into his pockets, leaped back over the counter and ran out of the bank. Three tellers, at the trial, identified the appellant as the robber.

The Federal Bureau of Investigation was notified and began an investigation. It had heard that one Dixon had been "casing" banks for possible hold-ups and that Dixon was a make-up artist. Dixon's girl friend told the FBI that appellant and Williams had committed the robbery, narrating to the FBI the details of the action and telling them that appellant and Williams had been made up for the occasion. The FBI had learned that appellant, a few moments after the robbery, had wrecked the get-away car and called his girl friend to come and pick. him up, and that he was still wearing some makeup when she picked him up.

The FBI knew that Williams had been captured at the scene of the robbery, identified as one of the hold-up men, and put in jail; that he had been wearing, during the hold-up, an item of clothing which he had received from the appellant; that appellant, in the evening of

1. See 18 U.S.C. § 2113(a).

the day of the robbery, had caused his girl friend to send $300 by a Western Union messenger to Williams at the jail; that appellant, after the robbery, was driving Williams' automobile; that on November 1, two of the bank tellers had picked appellant's picture out of several pictures shown them and identified it as a picture of the robber.

On the evening of November 1, 1965, at approximately 8:35 p.m., the FBI arrested the appellant on the street in San Francisco. He was questioned for about an hour by FBI agent Padden, and admitted the robbery.

As we have stated above, the appellant was indicted, tried and convicted. At his trial the evidence recited above was introduced by the prosecution, as was also the oral confession which the appellant made to the FBI. In his appeal from that conviction, the appellant specifies only one alleged error, which he states as follows: "The admission of testimony about appellant's alleged oral testimony is hereby specified as error." Obviously, the reference in the specification of error to "appellant's alleged oral testimony" is a reference to the appellant's oral admission to the FBI agent that he committed the robbery, which admission was testified to at the trial by the FBI agent who heard it.

The appellant's argument is that the arrest of the appellant was illegal and that, therefore, the admission obtained from the appellant by the FBI shortly after his arrest was unconstitutionally obtained; that it was the fruit of a poisonous tree, the allegedly illegal arrest. He cites Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441. The Government concedes that if the arrest of the appellant was a violation of his constitutional right under the Fourth Amendment, his admission of guilt, made shortly after his arrest and while in custody, would be inadmissible in evidence. In view of the Government's concession we turn to a consideration of the validity of the arrest without expressing any view as to whether invalidity of an arrest is alone suf-

ficient to render inadmissible the incriminating statements made after the arrest occurred.

The Government says that the appellant's arrest was not illegal; that the FBI had ample information to give it "reasonable grounds to believe" that the appellant had robbed the bank; and that, therefore, its agent could legally make the arrest. 18 U.S.C. § 3052. That being true, the Government says that Wong Sun has no application to this case.

We have recited what the FBI knew when it made the arrest. The appellant does not contest the existence of reasonable grounds or probable cause sufficient to satisfy the requirements of 18 U.S.C. § 3052 for an arrest by an FBI agent without a warrant. But, says the appellant, the agent did not purport to make the arrest without a warrant under 18 U.S.C. § 3052, but under the authority of a warrant which he had obtained from a United States Commissioner before the arrest. In fact, the FBI agent had gone before the Commissioner and presented a complaint against the appellant charging him with the robbery. The complaint recited the defendant's name, the essential facts of the robbery, the code section alleged to be violated, the agent's name, and the following statement:

> I have made to the above-named Commissioner a statement, under oath, of the underlying facts of this case and of my reasons for believing the foregoing allegations to be true.

On the reverse side of the complaint, the United States Commissioner wrote:

> I hereby find, from a sworn statement of facts made to me concerning this case, that there is probable cause to believe that an offense has been committed, and that the defendant herein named committed it.

The agent's written complaint did not state the information which we have recited above, and which gave the agent reasonable grounds for believing that the appellant was the one who had committed the robbery. It is apparent from the above that the Commissioner gave con-

sideration to the agent's sworn oral statement under oath in deciding to issue the warrant.

The appellant points to Rules 3 and 4 (a) of the Federal Rules of Criminal Procedure, Rule 3 saying, "The complaint is a *written* statement * * *," and Rule 4(a) saying, "If it appears from the *complaint* * * *," a warrant shall issue. (Italics added.) The appellant argues that the warrant was invalid because the reasonable grounds for the FBI agent's belief in the guilt of the appellant were not written into the complaint, as the text of Rule 3 appears to require. The appellant cites, on this point, this court's decision in United States v. Greenberg, 320 F.2d 467, 470 (9 Cir. 1963).

The Government asks us to assume, without deciding, that the agent's complaint was insufficient for the reason urged by the appellant, and that the warrant was invalid. We adopt that suggestion. But, the Government says, it does not follow that the arrest was illegal in the instant situation in which the arresting officer had, when he made the arrest, ample grounds for believing that a crime had been committed, and committed by the appellant.

The appellant urges that since the agent had what he thought was a valid warrant and purported to act upon it, the Government cannot fall back upon the justification that the agent did not need a warrant at all and that therefore the validity or invalidity of the warrant is irrelevant. The appellant's counsel has not cited any decision to the effect that the invalidity of an arrest warrant nullifies the right, conferred upon FBI agents by 18 U.S.C. § 3052, to arrest without a warrant if the requirements of that statute are present. Indeed, with highly commendable candor, appellant's counsel at the oral argument called the court's attention to a decision, not cited by the Government, contrary to the appellant's position.

The case just referred to is United States v. Hall, 348 F.2d 837 (C.A. 2, 1965), cert. den. 382 U.S. 997, 86 S.Ct.

408, 15 L.Ed.2d 355. In that case there was a warrant which the Government conceded to be invalid. It argued, as it does in this case, that the arrest was nevertheless lawful because of the existence of the required reasonable grounds to believe that the arrested person had committed the crime. The defendant there urged that the fact that a warrant, though an invalid one, had been obtained conclusively demonstrated that there was sufficient time to obtain a warrant and, that being so, the arrest without a warrant was illegal.

The court in Hall declined to "impose on the law of arrest a requirement thus far confined to the law of search and seizure." Judge Friendly's opinion in Hall, at pages 841–842, cites and quotes from the pertinent judicial precedents and other writings and concludes that the arrest was lawful and that the admissions made by the defendant shortly after the arrest were admissible in evidence. We agree with the Hall decision and opinion and will not further discuss it here.

The judgment is affirmed.