William R. FERGANCHICK and Robert C. Ferganchick, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20328.

United States Court of Appeals Ninth Circuit.

March 20, 1967.

Certiorari Denied June 5, 1967.

See 87 S.Ct. 2085.

William Dougherty, Santa Ana, Cal., for appellants.

John K. Van de Kamp, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Jo Ann I. Dunne, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and COPPLE, District Judge.

DUNIWAY, Circuit Judge.

The Ferganchick brothers, William and Robert, stand convicted under 18 U.S.C. § 2113(a) (d) of an armed robbery of the Pioneer National Bank, Los Angeles, California. They appeal, arguing that their arrest was illegal, thus making it error to admit in evidence the guns that they were carrying when arrested, and that the confession of Robert, given in William's presence, was illegally obtained and should not have been received. We affirm.

Appellants were arrested on February 19, 1964 by officer Reese of the South Pasadena Police at the Santa Anita Race Track. When the arrest was made, Reese had considerable information about the brothers Ferganchick. He knew that a felony warrant was outstanding charging them with armed robbery of Beneficial Finance Company in South Pasadena. In January, 1964, he saw a special bulletin issued by the Los Angeles County sheriff's office. It was posted at the South Pasadena Police Department, and Reese carried a copy in his patrol car. The bulletin stated that the Ferganchicks were wanted for twenty-four robberies in the Southern California area. It listed the robberies and described the brothers and their modus operandi. The South Pasadena Police Department had also placed "mug shots" of the brothers in each of its patrol cars. Reese had received them in November, 1963. He also knew that robbery victims had identified the brothers.

Appellants attack the warrant on the ground that the complaint on the basis of which it was issued was insufficient, citing Giordenello v. United States, 1958, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503. At oral argument, government counsel conceded that appellants are probably right as to the complaint. We therefore assume the invalidity of the warrant. We pass, without deciding, the question whether, if Reese believed the warrant valid, he could arrest in reliance upon it. Treating the arrest as one not based upon the warrant, we hold that Reese had probable cause so that the arrest was valid.

Here, the arrest was by a California officer, and California law is to be looked to. Miller v. United States, 1958, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed. 2d 1332. California permits an arrest without a warrant if the officer has probable cause to believe that the person arrested has committed a felony. Cal. Pen.C. § 836; People v. Coleman, 1965, 235 Cal.App.2d 612, 45 Cal.Rptr. 542. This rule applies where the arrest is made under authority of a defective warrant. See People v. Tillman, 1965, 238 Cal.App. 2d 134, 47 Cal.Rptr. 614. The federal law is similar. Go-Bart Importing Co. v. United States, 1930, 282 U.S. 344, 356, 51 S.Ct. 153, 75 L.Ed. 374. The officer had probable cause if what was known to him was such that a reasonable person having such knowledge would believe that the brothers had committed a felony. People v. Murphy, 1959, 173 Cal.App.2d 367, 343 P.2d 273; People v. Luckman, 1961, 198 Cal.App.2d 347, 18 Cal.Rptr. 167. Reese surely had sufficient information to warrant such a belief.

Nor is the fact that his information was hearsay a basis for holding that he did not have probable cause. Draper v. United States, 1959, 358 U.S. 307, 79 S. Ct. 329, 3 L.Ed.2d 327; Ker v. State of California, 1963, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Reed v. United States, 9 Cir., 1966, 364 F.2d 630; Gilbert v. United States, 9 Cir., 1966, 366 F.2d 923; People v. Schader, 1965, 62 Cal.2d 716, 44 Cal.Rptr. 193, 401 P.2d 665; Will-

son v. Superior Court, 1956, 46 Cal.2d 291, 294 P.2d 36. No modern police department could function effectively if officers could not rely upon the sort of information that Reese had in making arrests. We hold that the arrest was valid.

The arrest occurred at 3 P.M. on February 19, 1964. William resisted and assaulted Reese. The brothers were taken to the Arcadia Police Department, which had jurisdiction of the place where the assault occurred, and were there booked for assault with intent to commit murder. They were then taken to the South Pasadena Police Department, arriving at just after 5 P.M. Booking was completed at 6:30 P.M. Between 6:30 and 8:30, the brothers were questioned by the South Pasadena police. They gave no pertinent information. At 8 P.M. a special agent of the F.B.I. arrived. He interviewed Robert at 8:30 and gave him the usual F.B.I. warning. Robert refused to answer questions. At 9:00, he asked to talk to William. This was permitted. At 10:00, both brothers were interviewed by the agent, who again gave them the warning. Robert then confessed the Pioneer National Bank robbery, and William nodded his assent.

■ It is urged that the questioning violated the McNabb-Mallory rule (McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479), in that the brothers were not taken before a magistrate as required by Rule 5(a), F.R.Crim. Proc. But they were in state, not federal custody, and state law governed their detention. That law Cal.Pen.C. § 825 provides:

"The defendant must in all cases be taken before the magistrate without unnecessary delay, and, in any event, within two days after his arrest, excluding Sundays and holidays * *."

And the record shows that a magistrate would be available to arraign them at 2 P.M. the next day. Whether they were so arraigned does not appear.

■

■ The McNabb-Mallory rule is predicated on a federal procedural rule, not upon the fourteenth amendment. It has no application here. Muldrow v. United States, 9 Cir., 1960, 281 F.2d 903; Cotton v. United States, 9 Cir., 1967, 371 F.2d 385; Carpenter v. United States, 4 Cir., 1959, 264 F.2d 565, 571.

It is conceded that the confession was voluntary, and that Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, does not apply. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Affirmed.