Donald J. RUSSO, Appellant,

v.

UNITED STATES of America,
Respondent.

No. 21857.

United States Court of Appeals
Ninth Circuit.

March 6, 1968.

Rehearing Denied April 17, 1968.

George M. Sheets (argued), Tucson, Ariz., for appellant.

Jo Ann D. Diames (argued), Asst. U. S. Atty., Edward Davis, U. S. Atty., Tucson, Ariz., for appellee.

Before POPE, DUNIWAY and CARTER, Circuit Judges.

## OPINION

JAMES M. CARTER, Circuit Judge.

Appellant was convicted in a trial without a jury, on three counts of an indictment. Count 1 charged a failure to pay the transfer tax on 208.4 grams of marihuana in violation of 26 U.S.C. Section 4741 and 4771; Count 2 charged receiving, concealing and facilitating the transportation and concealment of 2.6 grams of heroin; and Count 3 was a similar charge as to 11.3 grams of smoking opium. The latter two counts charged a violation of 21 U.S.C. Section 174. He was sentenced following conviction, to two years on Count 1 and five years on each of Count 2 and 3, the sentences to run concurrently.

## THE FACTS

Considering the record in a light most favorable to the government, as we must on such an appeal, the facts were as follows:

A seizure of 125 lbs. of marihuana was made at the border at Nogales, Arizona port of entry on August 4th 1965. Customs agents Cameron and Washington were the investigating officers. One Charles Russo, a brother of appellant Donald Russo, accompanied by Carol his wife, was the driver of the car. He was arrested and advised of his constitutional rights by the officers. Agent Cameron told him that he "didn't believe the load of marihuana was for his own use and didn't believe he owned any part of it," and asked why he "didn't go ahead and deliver the marihuana to where he was supposed to." Charles Russo said he "couldn't do it and didn't want to do it." Agent Washington then said, "I believe you are going to deliver it to a relative or a brother." Charles Russo replied, "That is right, my brother. I don't want to get him in trouble but he has a hold on me and my wife and we do anything he tells us." Charles Russo broke down and cried but refused to complete the delivery of the marihuana.

There followed some reports in the newspapers of the seizure on August 4, 1965, and on August 6, 1965, agent Cameron received a phone call from the manager of the El Rancho Motel in Tucson, Arizona. The manager stated he had read in the paper where a Charles Russo was arrested in Nogales, Arizona, with a large amount of marihuana. He stated further that a Russo and his wife had registered in his motel, and at the time of registering had told him that his brother and his wife would join them in the room some time later.

The officers then went to the commissioner, filed a complaint, secured a warrant of arrest and on the same day, August 6, 1965, proceeded to the room of Don Russo, the appellant, at the El Rancho Motel.

Officer Cameron knocked on the motel door, identified himself, was admitted by appellant, arrested him and his wife on the warrant. The agents then searched the motel room, the suit cases therein and found the contraband, which became the basis of the prosecution in this case.

## THE SEARCH

The search of the motel room occupied by appellant and his wife, followed an arrest on a warrant. The warrant and the supporting complaint or affidavit is not a part of the record and we therefore assume it was a valid warrant of arrest. The fact the commissioner later found lack of probable

cause to hold appellant on the original charge, does not affect the validity of the arrest warrant.[1]

A search of the premises where an arrest occurs, pursuant to a lawful warrant, is a legal search. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

Even if the warrant of arrest was illegal, which we do not find, probable cause will justify an arrest. Bell v. United States, 371 F.2d 35 (9 Cir. 1967); cert. den. 386 U.S. 1040, 87 S.Ct. 1498, 18 L.Ed.2d 608; Ferganchick v. United States, 374 F.2d 559 (9 Cir. 1967); cert. den. 387 U.S. 947, 87 S.Ct. 2085, 18 L.Ed.2d 1337; Hagans v. United States, 315 F.2d 67 (5 Cir. 1963); cert. den. 375 U.S. 826, 84 S.Ct. 68, 11 L.Ed.2d 58; United States v. Hall, 348 F.2d 837 (2 Cir. 1965); cert. den. 382 U.S. 947, 86 S.Ct. 408, 15 L.Ed.2d 355; and see Rocha, supra, note 1.

"Probable cause exists where 'the facts and circumstances within (the arresting officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959); Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

From the facts set forth above, there was probable cause to arrest appellant even if the warrant of arrest was illegal.

The search was lawful, the motion to suppress was properly denied and there was no error in the admission into evidence of the contraband seized during the search.

### Entry into Motel Room

The Customs agents went to front and rear of the motel room occupied by appellant and his wife. Cameron rapped on the front door, the door was opened, he identified himself, stated he had a warrant for the arrest of appellant and his wife and was admitted by appellant. Washington was at the rear door. Hearing voices in the room he then entered the rear door with use of a pass key previously obtained from the motel operator. Cameron was already in the room.

If the first or a contemporaneous entry is lawful, a defendant cannot complain of unlawfulness in other later entries. Vanella v. United States, 371 F.2d 50, 58 (9 Cir. 1966); cert. den. 386 U.S. 920, 87 S.Ct. 883, 17 L.Ed.2d 790. Thus the entry into the motel by the officers was lawful.

### Possession by the appellant of the contraband

Following the arrest, agent Washington found cigarette stubs later identified as marihuana in a small box on the night stand. The appellant, following his arrest, had been advised of his constitutional rights. The trial court found compliance with Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We agree.

Washington showed the box with the cigarette stubs to appellant and said, "What's this?" Appellant replied, "Marihuana. I smoke it. So what?"

Thereafter in one of two suit cases at the foot of the bed Washington found the contraband charged in Counts 1, 2 and 3, including 7.35 ounces of manicured marihuana (208.4 grams) charged in Count 1.

Appellant's counsel concede personal belongings of appellant were in each of the two suit cases, including the one in which the 7.35 ounces of marihuana was found.

---

1. See Rocha v. United States, 387 F.2d 1019, (9 Cir. 12/12/67) where a search warrant was issued and a magistrate suppressed the evidence. The court held that existing probable cause justified the search.

Appellant's statements that he smoked marihuana supports the inference that the 7.35 ounces found in a box in the suit case was his. In the same suit case and in the same box with the marihuana, was found also the heroin and opium, the basis of Count 2 and 3.

Contrary to appellant's contention that there was no proof as to whether the contraband belonged to appellant or his wife, we conclude there was ample proof of appellant's possession of the contraband.

The judgment of conviction is affirmed.