Earnest T. PAGE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25755.

United States Court of Appeals, Ninth Circuit.

Dec. 21, 1970.

As Amended on Denial of Rehearing March 16, 1971.

---

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation.

Earnest Page, in pro. per.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal. for appellee.

Before BARNES, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Earnest T. Page was convicted in 1965 of six violations of the federal narcotics laws. He appealed, challenging the admission into evidence of narcotics seized at the time of his arrest. He asserted that the warrant for his arrest was invalid and, in addition, that the search incident thereto was unreasonable in scope. This court affirmed, holding that, since the narcotics were material solely to two of the six counts, it was unnecessary to determine the issues. Page v. United States, 356 F.2d 337 (9th Cir. 1966).

Page filed the present application under 28 U.S.C. § 2255, again challenging the validity of his arrest and of the search. This time, however, he urged that the trial court consider the illegally seized evidence in fixing sentence. See Verdugo v. United States, 402 F.2d 599 (9th Cir. 1968). The district court denied relief, finding that the arrest and search were valid. We agree.

But even if the warrant was invalid the arrest was not, for the agent himself had probable cause to believe Page had committed a violation of the narcotic laws [1] and thus, aside from the warrant, could make a valid arrest and search incident thereto. 26 U.S.C. 7607(2) 1964; Ray v. United States, 412 F.2d 1052 (9th Cir. 1969); Rocha v. United States, 387 F.2d 1019 (9th Cir. 1967); Bell v. United States, 371 F.2d 35 (9th Cir. 1967) [2]; United States v. Hall, 348 F.2d 837 (2d Cir. 1965).

Page's second claim, concerning the scope of the search, rests on Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), but that decision is not retroactive, and this search under the pre-existing rule was not unreasonable. Williams v. United States, 418 F.2d 159 (9th Cir. 1969); and see United States v. Bellinger, 422 F.2d 723 (9th Cir. 1970).

Petitioner's final contention that he was without effective assistance of counsel on the motion to suppress is likewise without merit.

Affirmed.

---

1. The narcotic agent testified that on the day of the arrest he negotiated a sale of heroin from Page to himself.

2. The arrest warrant in *Bell* was issued under circumstances almost identical to those in the present case.