UNITED STATES of America,
Plaintiff,

v.

John Ray STEVENS, Defendant.

No. CR 74–123.

United States District Court,
E. D. Washington.

June 12, 1975.

Dean C. Smith, U. S. Atty., James B. Crum, Asst. U. S. Atty., E. D. Washington, Spokane, Wash., for plaintiff.

Robert H. Whaley, Spokane, Wash., for defendant.

## MEMORANDUM AND ORDER

NEILL, Chief Judge.

This case involves an alleged attempt by the defendant, John Ray Stevens, to sell an unregistered submachine gun in violation of 26 U.S.C. § 5861(d). The defendant moved to suppress the submachine gun and other evidence obtained as the result of his arrest on the ground that the government had ample time to obtain arrest warrant, but failed to do so in violation of the fourth amendment to the United States Constitution.

The undisputed facts of the case, as stipulated by the United States and the defense, are that on October 16, 1974 an informant contacted Detective Browning of the Spokane, Washington Police Department to tell him a .45 caliber submachine gun was being offered for sale. Detective Browning told the informant to arrange a purchase of the gun.

The following day, October 17, the informant contacted the defendant and met with him at a friend's apartment. The informant viewed the submachine gun and noticed the defendant "appeared doped up on narcotics". The defendant agreed to sell the gun to the informant

and a friend. Detective Browning contacted agent Oaksford of the United States Bureau of Alcohol, Tobacco and Firearms, Department of the Treasury, Spokane Office, (hereinafter the "Bureau") and related to him the status of the investigation. Agent Oaksford agreed that Detective Browning should continue the investigation and keep the Bureau informed.

Two days later, on October 19th, the informant called the defendant and confirmed the sale of the gun for $350.00. The informant again called the defendant on October 22nd and arranged a meeting for the following day to consummate the purchase. The following day, October 23rd, the informant met with agents of the Spokane Police Department and the Bureau and, after a final call to the defendant, drove with a Bureau undercover agent to the rendezvous, a supermarket parking lot.

The informant and the Bureau agent met with the defendant as planned and they drove together to a drug halfway house where the submachine gun was picked up. The three of them then proceeded to a different supermarket parking lot where Bureau agents and officers of the Spokane Police Department were waiting to make the arrest. The defendant was arrested without incident and the submachine gun was seized along with a .38 caliber derringer.

The defendant moved to suppress all evidence resulting from his arrest on the authority of United States v. Watson, 504 F.2d 849 (9th Cir. 1974), cert. granted, 420 U.S. 924 (1975) 95 S.Ct. 1117, 43 L.Ed.2d 392 which held that the warrantless arrest of a suspect in a public restaurant violated the Fourth Amendment because the arresting officers had ample opportunity to obtain a warrant but failed to do so. In Watson the warrantless arrest occurred six days after a United States Postal Inspector had probable cause to believe the suspect had taken part in a mail theft. Therefore, the court ordered all fruits of the arrest suppressed, including evidence resulting from a subsequent consent search, which the court found involuntary because of the coercive effect of the illegal arrest.

The government opposes defendant's motion to suppress on the ground that exigent circumstances existed to justify the failure to obtain an arrest warrant. The government's argument is that the Spokane Police Department carried on its investigation independently of the Bureau of Alcohol, Tobacco and Firearms up to within thirty minutes of the time arranged to meet the defendant, at which time the Bureau was notified and effected the arrest. Therefore, the government argues, the Bureau had insufficient time to obtain a warrant and the warrantless arrest was justified.

Defendant counters by denying that the Bureau had insufficient notice to obtain a warrant and by arguing that the Bureau cannot circumvent the warrant requirement by denying knowledge of facts known to local law enforcement officers participating in the same investigation.

The government does not contest the allegation that probable cause to obtain an arrest warrant existed several days prior to the defendant's arrest. Since the delay held impermissible in Watson was six days, under facts very similar to those in the instant case, the Watson case would appear controlling of the motion to suppress unless the government's argument that exigent circumstances existed is correct. This argument rests on the premise that facts supporting probable cause to arrest, which are apparent to state law enforcement officers, cannot be imputed to federal officers who come onto the scene late and make the actual arrest.

 Factually, the assertion that federal officers acted alone in effecting the arrest is incorrect. Both state and federal officers participated. Therefore, assuming Watson dictates that a violation did occur, neither the state nor the federal government may use evidence tainted thereby. The Supreme Court has long since rejected the "silver platter"

doctrine that once permitted the federal government to use evidence obtained by a state in violation of the Constitution of the United States. Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). Furthermore, the fact of federal participation in an illegal seizure, no matter how minimal, has traditionally rendered the results of such a seizure inadmissible in a federal prosecution. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293 (1927).

■ Under the facts and circumstances of this case, the court is compelled to apply the law of this Circuit as set forth in United States v. Watson, *supra*, and hold that the October 23, 1974 arrest of the defendant violated the Fourth Amendment. Since all fruits of the arrest were tainted thereby, the court must order them suppressed, but it does so reluctantly.

This court has grave doubts that the *Watson* case correctly interprets the law of arrest because it fails to distinguish between the arrests in public places, which do not require a warrant, and arrests involving intrusions into the sanctity and privacy of the home, which require a warrant in the absence of exigent circumstances.

In holding that the Fourth Amendment requires arrests in public places be made on the basis of a warrant when there is time to obtain one, the *Watson* court relied on dictum of the Supreme Court in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564:

"The case of Warden v. Hayden [387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782] where the Court elaborated a 'hot pursuit' justification for the police entry into the defendant's house without a warrant for his arrest, certainly stands by negative implication for the proposition that an arrest warrant is required in the absence of exigent circumstances."

504 F.2d at 852.

The *Watson* court misapplied *Coolidge*, however, because the above-quoted dictum, by its own language, concerns the narrow question of "police entry into the defendant's house" to effect his warrantless arrest. A few lines above the quoted section, the *Coolidge* court defined the issue under consideration as:

" . . . a grave constitutional question, namely, whether the forceful nighttime entry into a dwelling to arrest a person reasonably believed within, upon probable cause that he had committed a felony, under circumstances where no reason appears why an arrest warrant could not have been sought, is consistent with the Fourth Amendment." Jones v. United States, 357 U.S. 493, at 499–500, (78 S.Ct. 1253, at 1257, 2 L.Ed.2d 1514.)

403 U.S. at 480, 91 S.Ct. at 2045. Since *Watson* and this case both involved arrests in a public place, based on probable cause to believe a crime had been committed, the *Coolidge* dictum relied on in *Watson* is inapposite.

■ The issue of "forceful nighttime entry into a dwelling" to effect a warrantless arrest is distinct from the issue of warrantless arrest in a public place, and different standards of reasonableness under the Fourth Amendment apply. The *Coolidge* court implicitly recognized this immediately following the portion quoted in *Watson*, where it stated "the Court of Appeals for the District of Columbia, sitting en banc, has unanimously reached the same conclusion", citing Dorman v. United States, 140 U.S. App.D.C. 313, 435 F.2d 385 (1970). 403 U.S. at 481, 91 S.Ct. at 2045.

*Dorman* held that, subject to exceptions for exigent circumstances, an arrest warrant is necessary to justify an unconsented entry of a house for purposes of arrest, 435 F.2d at 391, but the court also recognized the different standards of reasonableness applicable to arrest in a public place:

The Fourth Amendment provides protection even as to arrest in a public

place, though in such cases the requirement is only that there be probable cause and there is no additional requirement of recourse to a warrant. 435 F.2d at 389.

This dictum finds additional support in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) where the Supreme Court held a warrantless arrest in a public place valid even though there was ample opportunity for police to obtain a warrant. *Id.* at 310–311, 79 S.Ct. 329. The Supreme Court has also upheld the constitutionality of 18 U.S.C. § 3052, which empowers agents of the Federal Bureau of Investigation to make warrantless arrests "if they have reasonable grounds to believe that the person to be arrested has committed or is committing" a felony. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed. 2d 134 (1959). No court has conditioned the operation of this statute upon the existence of exigent circumstances.

Other Circuit Courts of Appeal that have considered the issue are unanimously in accord, holding "when probable cause appears, a warrant is not required for an arrest in public, even where practicable." Rouse v. United States, 123 U.S.App.D.C. 348, 359 F.2d 1014, 1016 (1966). *See also* United States v. Wixom, 460 F.2d 206 (8th Cir. 1972); United States v. Miles, 468 F.2d 482 (3rd Cir. 1972); Dorman v. United States, *supra;* United States v. Hall, 348 F.2d 837 (2nd Cir. 1965), cert. denied, 382 U.S. 947, 86 S.Ct. 408, 15 L.Ed.2d 355 (1965).

Ironically, recent decisions of the Ninth Circuit also indicate that a warrantless arrest in a public place is valid even where there was time to obtain a warrant. These cases hold that public place arrests, made on the basis of defective warrants, are nevertheless valid if, at the time of arrest, there was probable cause to believe a crime had been committed. Page v. United States, 437 F.2d 440 (9th Cir. 1971); Ray v. United States, 412 F.2d 1052 (9th Cir. 1969); Jordan v. United States, 416 F.2d 338 (9th Cir. 1969); Rocha v. United States,

387 F.2d 1019 (9th Cir. 1968); Russo v. United States, 391 F.2d 1004 (9th Cir. 1968); Bell v. United States, 371 F.2d 35 (9th Cir. 1967); Ferganchick v. United States, 374 F.2d 559 (9th Cir. 1967) cert. denied 387 U.S. 947, 87 S.Ct. 2085, 18 L.Ed.2d 1337 (1967); Dearinger v. United States, 378 F.2d 346 (9th Cir. 1967). In each case there was time to obtain a warrant but, because the warrants were defective, the arrests were upheld on probable cause alone. It is difficult to reconcile this reasoning with the court's holding in *Watson* that the Fourth Amendment requires a warrant under seemingly identical circumstances.

Nevertheless, this court is bound by *Watson, supra.*

Wherefore, It is ordered that the evidence seized at time of defendant's arrest is suppressed.

This Court observes that *Watson* was not a unanimous opinion in the Circuit and the Supreme Court has granted certiorari in the case. Accordingly, it is the recommendation of this Court that the United States appeal this Order pursuant to 18 U.S.C. § 3731.