[Crim. No. 4525.  Second Dist., Div. Three.  Dec. 28, 1950.]

THE PEOPLE, Respondent, v. FRANK ANDRADE, Appellant.

Patrick D. McGee for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SHINN, P. J.—Frank Andrade and Pomposo Terrazas were charged by information with the crime of robbery, consisting of forcibly taking from Francisco G. Ruiz $35.  Terrazas was charged with the commission of two former felonies, which he admitted.  Andrade, in his testimony, admitted two former convictions, but was not accused of them by the information.  At the preliminary hearing Ruiz testified that the defendants forcibly robbed him of $40.  Terrazas made a confession to a police officer.  Upon the trial he admitted having made the confession but claimed that he did so under the fear of personal violence, although none was threatened.  Neither defendant was represented by counsel at the preliminary hearing and neither cross-examined Ruiz except for a single question propounded by Terrazas as to whether Ruiz on the night in question was drunk.  Both defendants were

convicted in a trial to the court, in which they denied having committed the offense; motions for a new trial and for probation were denied, and the defendants were sentenced to state prison. Andrade appeals.

■ The question on the appeal is whether the court committed error in receiving in evidence, over the objection of the defendants, the testimony of Ruiz given at the preliminary hearing. The ground of the objection was that there was an insufficient showing that Ruiz could not, with due diligence, be found within the state. (Pen. Code, § 686(3).) It was a good objection and should have been sustained.

Ruiz had given his address as 137 South Arizona in Los Angeles; he testified at the preliminary that he was employed in the construction of sewer pipes for one "Jerry," whose last name he did not know. Defendant Terrazas had known Ruiz for about six months, and they were friends. The night of January 31, 1950, the two defendants and Ruiz were drinking at a wine shop. Ruiz, who was not drinking with the other two, became ill. He lived close by and was not a stranger in the neighborhood. The preliminary hearing was held February 10, 1950. Defendants were arraigned February 27th. They pleaded not guilty on March 3d. The case was set for trial April 6th and was tried on April 10th. The evidence as to the commission of the offense consisted of the former testimony of Ruiz and that of a police officer who testified to a confession by Terrazas and to interviews with Andrade in which the latter denied participation in the crime. The evidence with respect to the alleged inability of the People to find Ruiz consisted of the testimony of a process server named Virgil Potts. He testified that he received a subpoena for Ruiz on March 10th; he went to 137 South Arizona and with the aid of Mrs. Castro, a next door neighbor, who interpreted for him, talked with Manuel Villa, the landlord at No. 137. Villa stated that Ruiz had left that address "and had expressed the intention of going to Bakersfield, both to live and work there, and that if successful in obtaining employment and quarters in which to live, he would write to Mr. Villa to have Mr. Villa send his personal possessions which he had left at 137 South Arizona." Villa said Ruiz was a ranch worker and intended to look for ranch employment. This inquiry was made on March 20th. Mrs. Castro said that if Villa heard from Ruiz she would advise Potts and that several letters had been received by Villa addressed to Ruiz "presumably sent by Ruiz' sister in Tucson, Arizona." Potts did not communi-

cate with Villa again. He telephoned Mrs. Castro several times and she told him she had received no word from Ruiz. On March 24th a foreign subpoena for Ruiz was issued to Kern County and was returned shortly thereafter by the sheriff of that county with a notation that he had been unable to locate Ruiz. No further foundation was laid for the introduction of Ruiz' testimony. The inadequacy of the showing is manifest. No effort was made to learn who were the friends of Ruiz in the neighborhood where he lived or his drinking associates, or to ascertain whether he had relatives in Los Angeles; no effort was made to learn the name of his employer or to ascertain whether he had quit his job; no inquiry was made at union hiring halls or at employment agencies, either in Los Angeles or at Bakersfield; no inquiry was made of his sister in Tucson as to whether she had heard from him; no inquiry was made of Manuel Villa as to whether Ruiz had sent for his belongings, or whether he, Villa, had received any word from Ruiz which he had not imparted to Mrs. Castro. It was thus shown that the search for Ruiz was merely perfunctory and casual. Even less effort was put forth than that related in *People* v. *Kuranoff,* 100 Cal.App.2d 673 [224 P.2d 402], in which we held there was no showing of due diligence. The reasons for our holding in the Kuranoff case support our conclusion in the present case and need not be repeated. The right of a defendant to be confronted by the witnesses against him is valuable and fundamental. It should be protected against practices which would deprive an accused of the right of confrontation in cases where a witness against him had merely moved from one location to another in the same city, and could be located by the exertion of diligent effort.

The judgment and order denying a new trial are reversed.

Wood (Parker), J., and Vallée, J., concurred.