[Crim. No. 3519.   First Dist., Div. Two.   Nov. 24, 1958.]

THE PEOPLE, Appellant, v. RUTH L. WALKER et al., Respondents.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Appellant.

Glassman & Rose and Harry P. Glassman for Respondents.

DRAPER, J.—Information charging defendants with illegal possession of heroin (Health & Saf. Code, § 11500) was set aside (Pen. Code, § 995) upon the sole ground that the narcotics introduced at the preliminary hearing were the product of an illegal search and seizure. The People appeal.

Agents of the Federal Bureau of Narcotics had two Chinese, Harry Chang and Nguey Chin, under surveillance as traffickers in narcotics. On the evening of December 2, 1957, they were driving an automobile in San Francisco. Two agents, following the Chinese in another car, saw them pick up defendant

Gene Walker. They then drove around "aimlessly," "just circling" for three or four minutes, and returned to the same place where they had picked up Walker, who then alighted. The Chinese drove on. The agents followed them, and at about 9 p. m. arrested them for sale and possession of narcotics. At 2 p. m. the next day, in the course of questioning by the agents, Chang stated that the white man who had entered the car the preceding evening had bought "four spoons" of heroin. Chang said that he knew this man as "Goodman," that he had told the Chinese that "the feds were after him and that he had moved into the Cable Car Hotel and registered under the name of Goodman." Chang said he had been meeting and selling narcotics to Goodman every two or three days for the past month. One of the agents then returned to his office. With four other federal agents he went to the Cable Car Hotel, found that a Goodman had registered in room 404 the preceding evening, procured the key to that room, went to it, and knocked on the door. There was no answer. The agents then unlocked the door, entered, and found defendants, husband and wife, asleep in bed. One agent identified himself and told defendants they were under arrest. Defendant Ruth Walker took from a table near the bed a finger stall containing three white papers, and "tried to dispose of" it. The agents removed this from her hand, opened one of the papers, found that it contained a white powdery substance and then searched the room. Hypodermic equipment was found. When told of the agent's conversation with the Chinese, defendant Gene Walker said "You have my connection. That is the only connection I have." The papers taken from Mrs. Walker contained heroin. The agents had no warrant for the arrest of defendants or for the search of their room.

Since the seizure of the narcotic was incidental to the arrest, this case turns on whether the arrest was lawful. In turn, the propriety of the arrest depends upon whether there was "reasonable cause to believe" that defendant Gene Walker had committed a felony. (Pen. Code, §§ 836, subd. 3, 837, subd. 3; *People* v. *Boyles,* 45 Cal.2d 652, 655 [290 P.2d 535].)

Reasonable cause exists when there is "such a state of facts as would lead a man of ordinary care and prudence to believe, or entertain an honest and strong suspicion, that the person is guilty." (*People* v. *Kilvington,* 104 Cal. 86, 92 [37 P. 799, 43 Am.St.Rep. 73]; *People* v. *Green,* 152 Cal.App.2d 886, 889 [313 P.2d 955]; *People* v. *Cannon,* 148 Cal.App.2d

163, 166 [306 P.2d 589].) ▮ Reasonable cause may consist of information given by others and is not limited to evidence which would be admissible at trial of the issue of guilt. (*People* v. *Boyles, supra,* 45 Cal.2d 652, 656; *Aitken* v. *White,* 93 Cal.App.2d 134, 145 [208 P.2d 788].)

▮ Respondent argues that the information received from the Chinese was not sufficient to warrant the arrest, since there is no showing of any previous use of them as informants, or other evidence to establish their reliability. Appellant concedes the soundness of this position, as it must. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36]; *People* v. *Dewson,* 150 Cal.App.2d 119, 128 [310 P.2d 162].)

However, the case for reasonable cause does not rest wholly upon the statement of the informant. Here the federal officers had seen a white man, the defendant, enter the car of two Chinese who were suspected of selling narcotics. The car circled aimlessly for three or four minutes and dropped the white man at the same location where he had entered. Within half an hour the suspicion as to the two Chinese was verified by their arrest upon charges of sale and possession of narcotics. When questioned, the Chinese said that they had sold heroin to the white man who had been briefly in their car the night before. They said that he had assumed the name "Goodman" and had moved to the Cable Car Hotel to avoid surveillance by "the feds." The agents, promptly after this disclosure, went to the named hotel and found that a man had registered there as Goodman the preceding day. From what the Chinese had said about Walker's buying habits, the agents could conclude that the supply he had purchased 20 hours before was dwindling. Investigation to determine whether Walker was in the room and had the narcotics with him was clearly indicated.

▮ There is no formula for determination of reasonableness. Rather, each case must be decided upon its own facts. (*People* v. *Wickliff,* 144 Cal.App.2d 207, 213 [300 P.2d 749].) It may be conceded that none of the facts known to the officers would, alone, constitute reasonable cause to arrest Walker. However, the combination of these factors did constitute reasonable cause. ▮ The story of even an unknown informer, when confirmed by conduct of the defendant which of itself would not warrant an arrest, may be sufficient. (*Willson* v. *Superior Court, supra,* 46 Cal.2d 291.) Information given separately by each of three juvenile delinquents, plus corroboration by a car theft report, affords reasonable

cause. (*People* v. *Weathers,* 162 Cal.App.2d 545 [328 P.2d 222].) In other cases, the concurrence of inculpatory facts, none of which alone would justify arrest, has been held to create a pattern which establishes reasonable cause. (*People* v. *Witt,* 159 Cal.App.2d 492 [324 P.2d 79] ; *People* v. *Green, supra,* 152 Cal.App.2d 886.) The fact that no single thread of evidence is adequate in no way negatives their joinder into a cord which fully bears the weight required by law. Here the facts known to the agents fitted into a pattern so persuasive of probable guilt that the agents could be deemed remiss if they failed to arrest Gene Walker. ▮ When the agents entered the room to arrest Walker, his wife seized an object commonly used to carry narcotics, and thus justified the officers in arresting her.

Appellant devotes much argument to its contention that where an unlawful search and seizure is by federal officers, acting without state knowledge or aid, the product seized is admissible in the state court, despite the exclusionary rule of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]. This question could arise only if the arrest and seizure here were unlawful. We have concluded that the arrest was authorized, whether the agents be deemed peace officers or not (Pen. Code, §§ 836, 837), and that the seizure incident to the arrest was lawful. Therefore we expressly refrain from passing upon this further issue.

Order reversed.

Kaufman, P. J., and Martinelli, J. pro tem.,* concurred.

A petition for a rehearing was denied December 24, 1958, and respondents' petition for a hearing by the Supreme Court was denied January 21, 1959. Carter, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.