[Crim. No. 7063.   Second Dist., Div. Two.   May 31, 1960.]

THE PEOPLE, Appellant, v. HENRY AMOS, Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney (Los Angeles), County of Los Angeles, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), Kazuo Shibata and Richard W. Erskine, Deputy Public Defenders, for Respondent.

FOX, P. J.—The sole question on this appeal is: Did the officers have sufficient information to satisfy the requirement of probable cause for the search of the defendant?

Some time prior to October 7, 1959, Officer Ward of the Los Angeles Police Department had a conversation with one Clarence Oldrow at the Wilshire Police Station. Oldrow had been arrested for possession of marijuana. Officer Ward inquired where he had obtained the contraband. Oldrow stated that he had obtained it from Henry Amos, at 3226 West 27th Street, a short time prior to his arrest. At approximately 9:20 on the evening of October 7th, Ward and another officer arrived at the above address, parked a short distance from the house and started walking toward it. At that time defendant came out of the house and walked to the street. He did not do anything other than walk this distance. The officers saw nothing in his hands. They identified themselves and asked him his name. He replied that it was Henry Amos. The officers then proceeded to search him. In his upper left-hand coat pocket they found a soap box containing a quantity of green, leafy material which proved to be marijuana; in his trouser pockets were three packages of cigarette papers and a small, waxed-paper bag containing a small amount of marijuana fragments.

Oldrow had never before given information concerning narcotics to the police. The officers had neither a search warrant nor a warrant for defendant's arrest when they stopped and searched him. Counsel for defendant moved to strike the officer's testimony and objected to receiving the contraband in evidence on the ground that the evidence had been secured through illegal search and seizure. The motion was denied and the objection overruled. Defendant was held to answer.

Following defendant's arraignment in the superior court, he made a motion under section 995, Penal Code, to set aside

the information. The motion was granted. The People have appealed.

Since Oldrow had not previously furnished information to the police, he could not be considered a reliable informant. (See *People* v. *Dewson,* 150 Cal.App.2d 119, 128 [310 P.2d 162].) Hence his information alone could not be a sufficient basis for a lawful search. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36].) Furthermore, it is settled that a search cannot be justified by what it produces. (*People* v. *Brown,* 45 Cal.2d 640, 643 [290 P.2d 528].)

But, argue the People, Oldrow's information was sufficiently corroborated to establish reasonable cause to justify the search of the defendant. The People say Oldrow told the police three things: (1) That he had purchased marijuana; (2) a short time prior to his arrest; and (3) that he made the purchase from Henry Amos at 3226 West 27th Street. They say item (3) was corroborated by the fact that defendant was observed leaving the address in question and that he admitted prior to the search that his name was Henry Amos.

Defendant points out that items (1) and (2) do not tend to indicate the source of the marijuana. Nor does item (3) tend to show that Amos was the source of Oldrow's supply. It only shows that Oldrow knew a person by that name at that address.

Information such as here provided simply serves to point the finger of suspicion at a particular person and ordinarily results in surveillance or investigation of the suspect. If the investigation or observation of the suspect tends to confirm the report of the informant whose reliability has not been established a lawful search or arrest may be made provided the combined information gives reasonable cause therefor. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 295 [294 P.2d 36].) But in the instant case the officers observed no act or conduct on the part of the defendant that tended to indicate he was violating the law. (See *People* v. *Goodo,* 147 Cal.App.2d 7 [304 P.2d 776].)

Finally, the People contend that Oldrow's statement, without more, provided reasonable cause for the search of defendant. This contention is based on the argument that if defendant had been charged with the sale of marijuana to Oldrow and the latter had testified in accordance with his statement to police, such testimony, plus the marijuana in

his possession, would be sufficient on appeal to sustain a conviction. The analogy, however, is not truly applicable. The hypothetical case deals with a sale. The officers made their search of defendant for the purpose of determining whether he then possessed narcotics. They did this without the slightest investigation and absent any information that defendant was in possession of narcotics and without any act on his part that could even arouse any suspicion. ▮ A statement by a single arrestee, whose reliability had not been established, that a day or so previously he had procured marijuana from a particular person at a stated address (without more) does not sufficiently establish reasonable cause to believe that such person, when first seen by the officers, had the contraband on his person thus justifying a search. Whether or not such person had possession at that time was pure speculation and guesswork.

▮ Our decisions are uniform in holding that information furnished by a person whose reliability has not been established does not alone establish reasonable cause for the arrest or search of the suspect. (*Willson* v. *Superior Court, supra,* p. 294.) ▮ To hold that the information here furnished by Oldrow was sufficient to establish reasonable cause would be in effect to accord to a nonreliable informant who was in the toils of the law a greater degree of reliability than is attributed to such an informant who is not thus encumbered. The fact that the arrestee had narcotics in his possession at the time of his arrest hardly makes him more trustworthy.

The People cite *People* v. *Walker,* 165 Cal.App.2d 462 [331 P.2d 668], in support of their position that the statement alone of Oldrow is sufficient to establish reasonable cause for the officers to hail defendant and search him. The opinion, however, does not sustain their contention. At page 465 the court stated on this point: ". . . the case for reasonable cause does not rest wholly upon the statement of the informant."

The order is affirmed.

Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 27, 1960.