[Crim. No. 10096. First Dist., Div. One. Apr. 27, 1972.]

THE PEOPLE, Plaintiff and Appellant, v.
RONALD JAMES BRUNI, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward P. O'Brien and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Appellant.

Regalado & Lindquist and William F. Delucchi for Defendant and Respondent.

**OPINION**

**THE COURT.**—The People appeal from a judgment dismissing an information after suppression of evidence, where the evidence was obtained pursuant to a search warrant specifying "daytime" service, but which was served at 9:30 p.m. at night.

In 1970, section 1533 of the Penal Code was amended to eliminate the provision for "daytime" service for normal service of a search warrant. Instead of "daytime," the statute now specifies normal service as proper "between the hours of 7 o'clock a.m. and 10 o'clock p.m." Apparently by oversight, the Legislature neglected to also amend the mandatory provisions under section 1529 of the Penal Code, which continues to require "daytime" service. An inconsistency exists as to the mandatory requirements of search warrants unless section 1529 of the Penal Code is read as having been amended by implication when section 1533 of the Penal Code was expressly amended. Otherwise, the only warrant an issuing magistrate could authorize, without possibly violating one or the other statute, would be one for unlimited service at any hour of day or night upon a showing of good cause. Nothing suggests that this was the legislative intent.

The provisions of the Penal Code "are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (Pen. Code, § 4.) "In the construction of a statute the intention of the Legislature . . . is to be pursued, if possible; and when a general and [a] particular provision are inconsistent, the latter is paramount to the former." (Code Civ. Proc., § 1859.)

Under the definition in section 7 of the Penal Code, daytime is defined as "the period between sunrise and sunset." This general provision is clearly inconsistent with the particular provision relating to service of search warrants between the hours of 7 o'clock a.m. and 10 o'clock p.m. established under the amendment of section 1533 of the Penal Code. Under

the general rules of statutory construction, we interpret "daytime" in the particular provisions of section 1529 of the Penal Code as having been impliedly amended to provide the same period for service as that under amended section 1533 of the Penal Code.

". . . 'where the language of a statute is reasonably susceptible of two constructions, one of which in application will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences, the former construction will be adopted.' [citation]; and 'if certain provisions are repugnant, effect should be given to those which best comport with the end to be accomplished and render the statute effective, rather than nugatory.' " (*Dept. of Motor Vehicles* v. *Indus. Acc. Com.* (1939) 14 Cal.2d 189, 195 [93 P.2d 131].)

We hold that the People are correct in their assertion that service was valid since it was within the hours specified under amended section 1533 of the Penal Code. Any other holding would mean that section 1529 of the Penal Code would now require service at hours determined to be peculiarly abrasive and requiring a higher standard of proof (*Tidwell* v. *Superior Court* (1971) 17 Cal.App.3d 780, 786-787 [95 Cal.Rptr. 213]) without a showing of good cause.

The judgment is reversed, and the trial court is directed to deny the motion to suppress the evidence.

A petition for a rehearing was denied May 22, 1972, and respondent's petition for a hearing by the Supreme Court was denied June 22, 1972.