[Crim. No. 14263. First Dist., Div. Two. Mar. 22, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD O. GLASS, Defendant and Appellant.

COUNSEL

Keogh, Marer & Flicker, Gerald Z. Marer and Michael R. Flicker for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.**[*]—Following the execution of a warrant authorizing a search of his house, Ronald O. Glass and two codefendants were charged with nine violations of the Health and Safety Code, specifically sections 11350, 11357, 11358, 11360, 11364, 11366, and 11377. After the defendants' motion to suppress the evidence, pursuant to section 1538.5 of the Penal Code, was denied, defendant Glass pleaded guilty to the charges of possession of marijuana (Health & Saf. Code, § 11357) and possession of phenobarbital (Health & Saf. Code, § 11377), whereupon the other charges were dismissed. Imposition of sentence was suspended and probation granted on condition, among others, he serve 90 days in the county jail and pay a fine of $400 plus penalty assessment. On appeal, the defendant raises issues concerning (1) the sufficiency of the affidavit to establish probable cause for issuance of the search warrant, and (2) the propriety of the execution of the search warrant under section 1533 of the Penal Code.

*Sufficiency of the Affidavit*

 In contending that the search warrant was issued without probable cause, appellant asserts that the affidavit was based solely on information from an unreliable informant and that nothing in the affidavit corroborated the information given by the informant. These assertions, however, are not justified in light of the clear terms of the affidavit.[1] The informant in question was clearly a "citizen informant"

---

[*]Before Taylor, P. J., Kane, J., and Rouse, J.

[1]Briefly summarized, the affidavit of Detective Baross, who was an experienced narcotic investigator, described how, on September 11, 1974, a citizen informant related that he had gone to a certain Menlo Park residence for the purpose of installing a water heater, and while he was on the premises for that purpose he met Mr. Glass and another

who had witnessed the offenses, was known by the peace officers, and hence was sufficiently reliable for the purpose of establishing probable cause for issuance of a search warrant. (See *Krauss* v. *Superior Court* (1971) 5 Cal.3d 418, 421-422 [96 Cal.Rptr. 455, 487 P.2d 1023]; *People* v. *Paris* (1975) 48 Cal.App.3d 766, 772-773 [122 Cal.Rptr. 272]; *People* v. *Mardian* (1975) 47 Cal.App.3d 16, 32 [121 Cal.Rptr. 269].) Moreover, the information provided by the informant was substantially corroborated by the actual purchase of marijuana at the premises to be searched, and thus there was probable cause for the search. (Cf. *People* v. *De Santiago* (1969) 71 Cal.2d 18, 20-22 [76 Cal.Rptr. 809, 453 P.2d 353].) Accordingly, the affidavit clearly fulfilled the requirements of *Aguilar* v. *Texas* (1964) 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509], *Spinelli* v. *United States* (1969) 393 U.S. 410 [21 L.Ed.2d 637, 89 S.Ct. 584], and the California Supreme Court cases that have followed *Aguilar* and *Spinelli.* (See *People* v. *Hamilton* (1969) 71 Cal.2d 176, 179-180 [77 Cal.Rptr. 785, 454 P.2d 681]; *People* v. *Benjamin* (1969) 71 Cal.2d 296, 301 [78 Cal.Rptr. 510, 455 P.2d 438]; *People* v. *Scoma* (1969) 71 Cal.2d 332, 336-338 [78 Cal.Rptr. 491, 455 P.2d 419]; *Skelton* v. *Superior Court* (1969) 1 Cal.3d 144, 152 [81 Cal.Rptr. 613, 460 P.2d 485]; *Price* v. *Superior Court* (1970) 1 Cal.3d 836, 840 [83 Cal.Rptr. 369, 463 P.2d 721]; *Krauss* v. *Superior Court, supra; People* v. *Superior Court (Johnson)* (1972) 6 Cal.3d 704, 711 [100 Cal.Rptr. 319, 493 P.2d 1183]; *Halpin* v. *Superior Court* (1972) 6 Cal.3d 885, 892-896 [101 Cal.Rptr. 375, 495 P.2d 1295]; *Alexander* v. *Superior Court* (1973) 9 Cal.3d 387, 390-395 [107 Cal.Rptr. 483, 508 P.2d 1131].)

Appellant argues that the affidavit was insufficient because it failed to connect him with the marijuana and the premises. This assertion, however, is not justified in light of express terms of the affidavit in which appellant was identified as an occupant of the house in question and identified as the person who had furnished marijuana to the informant. In any event, the search warrant did not authorize a search of appellant's person; it authorized only a search of the premises, which was proper. (See *People* v. *Scott* (1968) 259 Cal.App.2d 268, 274 [66 Cal.Rptr. 257];

white male adult, observed them dry a marijuana plant in the oven of a stove and then smoke it. The informant also observed approximately 80 marijuana plants growing in the back yard. The next day, September 12, the affiant accompanied the informant to the area of the Menlo Park residence in question, gave the informant pre-recorded funds, observed him enter the residence and return a short time later with a bag of marijuana. The informant told affiant he had purchased the marijuana from Mr. Ronald Glass, that Mr. Glass had removed the marijuana from a round can in the kitchen, and that a white female adult, known to the informant as Mrs. Glass, was present at the time of the negotiation and sale of the marijuana.

*Williams* v. *Justice Court* (1964) 230 Cal.App.2d 87, 100-101 [40 Cal.Rptr. 724].)

### Execution of Search Warrant

■ The search warrant in question provided: "You are therefore commanded in the daytime_____to search the premises described above for articles and property, . . . ." The search warrant did not authorize nighttime service, presumably because the affidavit did not request it. The search warrant return and inventory indicates that the warrant was executed on September 13, at "2135 hrs." or 9:35 p.m.

Appellant contends that execution of the search warrant at 9:35 p.m., which was after sunset, was unlawful because the warrant authorized only "daytime" service, which is defined as the period between sunrise and sunset (Pen. Code, § 7, subd. 13). As amended in 1970, section 1533 of the Penal Code provides: "*Upon a showing of good cause, the magistrate may, in his discretion, insert a direction in a search warrant that it may be served at any time of the day or night. In the absence of such a direction, the warrant shall be served only between the hours of 7 o'clock a.m. and 10 o'clock p.m.*" Here, the magistrate did not authorize service of the warrant "at any time of the day or night," and therefore it could be served *only* between the hours of 7 a.m. and 10 p.m., which was in fact done. Although the warrant provided for service during the "daytime," service of the warrant at 9:35 p.m. was not unlawful since under section 1533 it could have been lawfully served at that hour in the absence of a provision for nighttime service. (Cf. *People* v. *Bruni* (1972) 25 Cal.App.3d 196 [100 Cal.Rptr. 600], hg. den.)

■ Appellant contends that section 1533 of the Penal Code is unconstitutional, presumably under the Fourth Amendment of the United States Constitution and section 13 (former § 19) of article I of the California Constitution, insofar as it allows execution of a search warrant at night (between sunset and 10 p.m.) without a showing of good cause for nighttime service. The requirement of "good cause" for nighttime service of a search warrant, however, is essentially a statutory requirement imposed by the Legislature and not a constitutional requirement. (See, e.g., *Gooding* v. *United States* (1974) 416 U.S. 430 [40 L.Ed.2d 250, 94 S.Ct. 1780], wherein the U.S. Supreme Court treated the question of "nighttime" service of search warrants solely as one of statutory interpretation and not as a Fourth Amendment issue.) Here, we find nothing unreasonable or unconstitutional in the legislative determination

that search warrants may be executed between the hours of 7 a.m. and 10 p.m., without a showing of good cause.

The judgment (order granting probation) is affirmed.

A petition for a rehearing was denied April 21, 1976, and appellant's petition for a hearing by the Supreme Court was denied May 19, 1976.